# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA ABBOUD, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | **4:20-cv-3076** |
| v. | : | **COMPLAINT – CLASS ACTION** |
| SUNDER ENERGY LLC | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

Plaintiff Monica Abboud (hereinafter referred to as "Plaintiff" or "Ms. Abboud"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## PRELIMINARY STATEMENT

1. Ms. Abboud brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Ms. Abboud alleges that Defendant Sunder Energy LLC ("Defendant") made a pre-recorded call to her cellular telephone line, which is a violation of the TCPA.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Ms. Abboud sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## NATURE OF ACTION

### The Telephone Consumer Protection Act

5.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

6.     The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

7.     These calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

## PARTIES

8.     Plaintiff Monica Abboud is, and at all times mentioned herein was, an individual citizen of Texas and resident of this District.

9.     Defendant Sunder Energy LLC is a Delaware limited liability company with its principal place of business in South Jordan, Utah.

10. Sunder Energy makes telemarketing calls into this District, as it did with the Plaintiff.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

12. This Court has personal specific jurisdiction over defendant because defendant made calls to individuals in this District.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because the telemarketing calls that are the subject of this putative class action lawsuit were made into this District to consumers living in this District.

## FACTUAL ALLEGATIONS

14. The Plaintiff is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. The Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

16. The Defendant offers solar and energy services.

17. The Defendant does so through telemarketing and the use of pre-recorded messages.

18. At no point has Ms. Abboud sought out or solicited information regarding the services of Sunder.

19. Ms. Abboud's telephone number, XXX-XXX-3670 is assigned to a cellular service.

20. On May 6, 2020, Ms. Abboud received a pre-recorded call from the Defendant.

21. The recorded voice identified itself as "Jason" calling regarding energy savings.

22. Ms. Abboud identified the company involved by providing her information.

23. The caller said that the company would follow up with a live contact shortly.

24. Following up on the pre-recorded call, David Morales contacted the Plaintiff.

25. Mr. Morales confirmed his affiliation with the Defendant through an e-mail that was sent to Ms. Abboud.

26. The call received by Ms. Abboud and others were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have her sign up and enter into a contract for the services of the Defendant.  This message therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

27. The call was not necessitated by an emergency.

28. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  Plaintiff and the Class Members were also harmed by use of their cell phone battery and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

29. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

30. The proposed class are tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using the same or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

31. The Plaintiff is a member of the class.

32. Excluded from the class are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

33. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

34. Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

35. There are questions of law and fact common to Plaintiff and the proposed class, including:

   a. Whether the Defendant used a pre-recorded message to send telemarketing calls;

   b. Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

   c. Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

   d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

36. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

37. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class and he is represented by counsel skilled and experienced in litigating TCPA class actions.

38.     The Defendant's actions are applicable to the class and to Plaintiff.

39.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

40.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting pre-recorded calls to cell phones

41.     The Defendant violated the TCPA by initiating a pre-recorded call to Plaintiff's telephone number assigned to a cellular telephone service without prior express written consent.

42.     The Defendant's violations were willful or knowing.

43.     The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendant from using pre-recorded messages to call individuals, absent an emergency circumstance.

.

## Relief Sought

Plaintiff requests the following relief:

A.     That the Court certify the proposed class;

B.     That the Court appoint Plaintiff as class representative;

E. That the Court appoint the undersigned counsel as counsel for the class;

F. That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

By: _/s/ Chris R. Miltenberger_
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

**Attorneys for Plaintiff**